**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

MASTIN SNEAD,

    Plaintiff,

v.

626 AWI LLC, d/b/a Walsh Imaging,
a Florida limited liability company,
MICHAEL FISCHER, individually,
and PHILLIP REVIEN, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MASTIN SNEAD ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Action Complaint for Damages and Demand for Jury Trial against Defendants, 626 AWI LLC, d/b/a WALSH IMAGING ("AWI"), MICHAEL FISCHER ("FISCHER"), individually, and PHILLIP REVIEN ("REVIEN"), individually (hereinafter collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the State of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, AWI, was a Florida limited liability company located and transacting business within Palm Beach, Florida, within the jurisdiction of this Honorable Court. AWI is headquartered and operates its principal location at 1395 NW 17th Avenue, Suite 113-114, Delray Beach, Florida 33445.

4. Defendant, AWI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, FISCHER was managing member and owner of AWI within the Southern District of Florida.

6. During all times material hereto, Defendant, FISCHER, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, AWI.

7. During all times material hereto, Defendant, REVIEN was managing member and owner of AWI within the Southern District of Florida.

8. During all times material hereto, Defendant, REVIEN, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, AWI.

9. During all times material hereto, Defendant, FISCHER, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

10. During all times material hereto, Defendant, REVIEN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

11. The acts and/or omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendant, AWI, regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

13. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

14. Defendant, AWI, provides maintenance on medical technology equipment in hospitals and other medical facilities in Florida, New York, New Jersey, Connecticut, Pennsylvania, Ohio and other locations throughout the United States.

15. Defendant, AWI, acquired Walsh Imaging in November 2017. *See weare626.com/walsh-imaging/* (last visited December 4, 2021).

16. On information and belief, AWI is headquartered out of Delray Beach, Florida, and has been operating in the State of Florida since 2017.

17. On further information and belief, Defendant, AWI employs more than one hundred (100) individuals throughout the United States.

## FLSA COVERAGE

18. Defendant, AWI, is covered under the FLSA through enterprise coverage, as AWI was engaged in interstate commerce during Plaintiff's employment period. More specifically, AWI's business and Plaintiff's work for AWI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or

3

continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, AWI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)*.

19. During his employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, imaging equipment, computers, computer keyboards, pens, pencils, paper, cables, screwdrivers, hammers, screws, nails, and other tools, etc.

20. Defendant, AWI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, AWI an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, AWI, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, AWI, FISCHER, and REVIEN within the meaning of the FLSA.

23. During all material times hereto, Plaintiff was required to use the instrumentalities of commerce on a regular and recurrent basis such that he is individually covered under the FLSA. More specifically, Defendants regularly instructed and required Plaintiff to use the interstate highways to transport himself to different locations in different states throughout the workweek.

## PLAINTIFF'S WORK FOR DEFENDANTS

24. Plaintiff began working for Walsh Imaging, which was acquired by 626, on or around May 15, 2017, and is currently employed by 626.

25. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a Field Service Imaging Engineer and performed work in several different states.

26. During all times material hereto, Defendants misclassified Plaintiff as an exempt employee under the FLSA and paid Plaintiff a flat salary regardless of the number of hours worked in each workweek.

27. Plaintiff worked an average of sixty (60) hours per week during his employment with Defendants.

28. During all times material hereto, Plaintiff's regular duties consisted of field service installations and repair of medical imaging equipment.

29. Plaintiff rarely, if ever, exercise true discretionary powers in connection with matters of significance.

30. Plaintiff is not relatively free from supervision in connection with matters of significance.

31. Plaintiff was not required to have any advanced training or prolonged course of specialized intellectual instruction as a condition to gaining employment with Defendants.

32. Plaintiff was not required to obtain a particular academic degree before becoming employed by Defendants.

33. Prior to filing the instant complaint, Plaintiff requested that Defendants pay him overtime that was due and owing to him. Defendants refused.

## INDIVIDUAL EMPLOYER LIABILITY

34. During pertinent times to Plaintiff's employment, Defendant, FISCHER, was the President of AWI and oversaw the day-to-day operations of the company and instructed Plaintiff on his duties and responsibilities. Defendant, FISCHER, also controlled the payroll practices and policies of the company and directed when and where certain diagnostic equipment is serviced and installed by Plaintiff and other Field Service Imaging Engineers.

35. During pertinent times to Plaintiff's employment, Defendant, REVIEN, was CEO of AWI and also oversaw the day-to-day operations of the company and instructed Plaintiff on his duties and responsibilities. Defendant, REVIEN, also controlled the payroll practices and policies of the company and directed when and where certain diagnostic equipment is serviced and installed by Plaintiff and other Field Service Imaging Engineers.

36. Defendants, FISCHER and REVIEN, hold themselves out to the public as the founders of AWI and exercise full control over the operations of AWI.

37. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

38. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours in various work weeks.

## DEPARTMENT OF LABOR INVESTIGATION

39. On information and belief, in early 2020, the United States Department of Labor ("DOL") conducted an investigation and audit into the unlawful pay practices at issue in this lawsuit.

40. Following the conclusion of this investigation, Defendants offered settlement payments supervised by the DOL to several company employees, including Plaintiff.

41. The settlement payment Defendants offered to Plaintiff covered only a 2-year period of time from February 2018 through February 2020.

42. The settlement payment Defendants offered to their employees did not cover any time *before* February 2018 and did not cover any time *after* February 2020.

43. Following the DOL investigation, the Defendants did not immediately change their unlawful business practices that caused the DOL audit and FLSA overtime violations prior to February 2020.

44. From February 2020 through in or around October 2020, Defendants continued to violate federal overtime laws by failing to properly compensate Plaintiff at his applicable overtime rate when he worked in excess of 40 hours per week.

45. On information and belief, in October 2020, Defendants modified their pay practices to attempt to compensate Plaintiff at the applicable federal overtime rates when he worked in excess of 40 hours in a workweek.

46. However, Defendants time keeping system does not allow employees to record preliminary or postliminary work.

47. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

48. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 47 as though set forth fully herein.

49. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA").

50. Plaintiff claims the half-time rate for each hour he worked in excess of forty (40) per week for each week after the DOL investigation.

51. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

52. Defendants recklessly failed to cure FLSA violations in 2020 after they were audited by the DOL.

53. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

54. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MASTIN SNEAD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, 626 AWI LLC, MICHAEL FISCHER, and PHILLIP REVIEN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MASTIN SNEAD, requests and demands a trial by jury on all appropriate claims.

**Dated this 11th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 11, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

9