**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-cv-80048-AMC**

MASTIN SNEAD

    Plaintiff,

vs.

626 AWI, LLC, 626 Holdings, LLC,
MICHAEL FISCHER, and PHILIP
REVIEN,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND**
**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, Mastin Snead, and Defendants, 626 AWI, LLC, 626 Holdings, LLC, Michael Fischer, and Philip Revien ("Defendants"), (collectively the "Parties"), file this Joint Motion for Approval of Settlement Agreement and Stipulation for Dismissal with Prejudice (the "Motion") in this Fair Labor Standards Act case, with the Court reserving jurisdiction to enforce the terms of the agreement, and state the following in support:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the initial Complaint in this action on January 11, 2021 asserting one count of unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). *See* ECF No. 1. On May 7, 2021, Plaintiff amended his pleading to add a claim for retaliation in violation of the FLSA. *See* ECF No. 32.

In the operative Complaint, Plaintiff alleges that Defendants failed to compensate him for approximately twenty (20) hours of overtime from approximately February 2020 to June 2021 and that, after the filing of this suit, Defendants retaliated against him for asserting his rights under the

FLSA by reducing the number of overtime hours he was eligible to work and by engaging in unjustified disciplinary actions against him to create a false record justifying an impending termination.  *See id*.

Defendants admit that 626 AWI, LLC employed Plaintiff during the relevant time period, but deny that the remaining Defendants are Plaintiff's employer within the meaning of the FLSA. Defendants further deny that they separately or individually failed to pay Plaintiff for overtime hours worked from February 2020 to the present or that Plaintiff faced retaliation of any kind following the filing of his initial FLSA complaint or at any time thereafter.  Defendants maintain that at all relevant times, they complied with all applicable federal and state statutes, common law, rules, and regulations.  In support of their position, Defendants have produced to Plaintiff time and pay record during the relevant time period that show the hours that Plaintiff logged and his compensation for such hours.

Notwithstanding the foregoing, to avoid the costs and uncertainty of litigation, the Parties have, through their counsel, negotiated a fair and complete settlement of Plaintiff's FLSA claims (the "Settlement Agreement").  The Parties' settlement provides for full and complete relief as to Plaintiff's claims, consideration for a general release and other provisions, and for reasonable attorneys' fees and costs, which were negotiated separately from Plaintiff's claims.

## MEMORANDUM OF LAW

**I.    Legal Framework.**

**A.    The Settlement Agreement Constitutes a Fair and Full Settlement of Plaintiff's FLSA Wage and Retaliation Claims.**

There are two ways in which claims under the FLSA may be settled and released by employees.  First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by

the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b), an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Alford v. Spas*, No. 6:20-cv-823-Orl-PGB-GJK, 2021 U.S. Dist. LEXIS 44846, at *3 (M.D. Fla. Mar. 9, 2021) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The settlement of the instant action involves the precise situation in which the Court may approve the Parties' settlement in order to resolve and release Plaintiff's FLSA claim. The

proposed settlement arises out of an action brought by the Plaintiff against his employer and the action is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the FLSA claims is the result of their *bona fide* compromise on a variety of disputes of law and fact, including, without limitation: (a) whether Plaintiff was properly classified under the FLSA; (b) whether Plaintiff worked any compensable time without compensation; (c) whether Plaintiff could prove that he worked any hours for which he was not properly compensated: (d) whether one or more of the Defendants was Plaintiff's actual employer within the meaning of the FLSA; (e) whether Defendants were required to track all of Plaintiff's hours worked in the first instance; (f) whether Plaintiff's claims are barred by the statute of limitations; (g) whether Plaintiff's action was barred by allegedly engaging in preliminary and/or postliminary activities; and (h) whether Defendants' good faith defenses justified any alleged violations of FLSA.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of these disputed issues. The Parties engaged in detailed settlement discussions through their respective counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. Without admitting that Plaintiff worked overtime hours for which he was not compensated, Defendants conducted an extensive review of Plaintiff's time and pay records to determine the number of overtime hours that Plaintiff had historically worked and for which he received compensation, and calculated proposed settlement figures that fully compensated Plaintiff for the average of those hours from the date Plaintiff claims he was improperly classified through the time that Plaintiff began to fully log all of the hours that he alleges he worked – a four and one-half month period. The Parties continued to engage in

settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during these negotiations and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties likewise agree that the settlement adequately compensates Plaintiff for any potential wage or retaliation claims, and for the release signed by the Plaintiff.  Plaintiff was counseled and represented by his attorneys throughout the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

### B. The Settlement Agreement Provides for Reasonable Attorneys' Fees and Costs to Plaintiff's Counsel.

In addition to determining whether the Settlement Agreement provides for a fair settlement of Plaintiff's wage claims, the Court must also assess the reasonableness of the allocation of attorneys' fees and costs to Plaintiff's counsel as contained in the Settlement Agreement.  *See Karow v. Day & Zimmermann NPS, Inc.*, No. 14-24693-Civ, 2015 U.S. Dist. LEXIS 84092, at *3-4 (S.D. Fla. June 29, 2015); *see also Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1262 (M.D. Fla. 2008) ("the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food Stores* . . . and is stated in the FLSA itself . . . . [Where] there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.").

However, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F.

Supp. 2d 1222, 1226 (M.D. Fla. 2009).

The attorney's fees and costs agreed upon to be paid by Defendants under the Parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorney's fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the Parties' Settlement Agreement, and the amounts being paid to Plaintiff under the Parties' agreement were negotiated based upon the value of all of the claims asserted, including the overtime wage and retaliation claimed by Plaintiff, with Plaintiff's attorney's fees and costs reviewed and negotiated separately. *See Bonetti*, 715 F. Supp. 2d at 1228.

Here, Defendants have agreed to pay to resolve all of Plaintiff's claims for attorney's fees and costs incurred in this action, including the filing fee and service of process costs, which is a significant discount off of the amount of attorney's fees and costs actually incurred. Defendants agree and acknowledge that the sums to be paid by them under the Settlement Agreement for Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Defendants satisfies any and all amounts Plaintiff owed to his attorney.

## CONCLUSION

**WHEREFORE**, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice; and (3) reserving jurisdiction to enforce the terms of the Parties' Settlement Agreement.

| | |
|---|---|
| **Dated**: June 24, 2021 | Respectfully submitted, |
| /s/ *Jake Blumstein* | /s/ *Jonathan A. Beckerman* |
| Jordan Richards, Esq. (FBN 108372) | Jonathan A. Beckerman, Esq. (FBN 568252) |
| Jordan@jordanrichardspllc.com | Jonathan.Beckerman@lewisbrisbois.com |
| Jake Blumstein, Esq. (FBN 1017746) | Christopher T. Perré, Esq. (FBN 123902) |
| Jake@jordanrichardspllc.com | Christopher.Perre@lewisbrisbois.com |
| **USA EMPLOYMENT LAWYERS-** | **Lewis Brisbois Bisgaard & Smith LLP** |
| 805 E. Broward Blvd., Suite 301 | 110 SE 6th Street, Suite 2600 |
| Fort Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| Telephone: 954.871.0050 | Telephone:  954.728.1280 |
| Counsel for Plaintiff. | Counsel for Defendants. |